IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHUNDA COBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action File No.: |
| | ) **JURY TRIAL DEMANDED** |
| **RUEB STOLLER DANIEL** | ) |
| **LITIGATION GROUP, LLP** | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT

Plaintiff **LaShunda Cobb** brings this civil action for relief and damages against Defendant **Rueb Stoller Daniel Litigation Group LLP,** based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1. This action to correct unlawful employment practices by Rueb Stoller Daniel LLP ("Rueb Stoller"), arises under 42 U.S.C.A. § 1981.

2. Plaintiff LaShunda Cobb ("Cobb" or "Plaintiff") is a longtime civil litigation paralegal who was employed by Rueb Stoller's Atlanta, Georgia office from 2020 to 2024. She alleges that she was subjected to repeated discriminatory practices by Rueb Stoller, ranging from an excessive allocation of job

1

responsibilities without commensurate pay, diminished professional opportunities within the firm, and an ongoing pattern of marginalization in comparison with other white non-African-American paraprofessionals in the organization.

3. In addition, after Cobb raised repeated internal complaints of discriminatory conduct, Rueb Stoller declined to investigate or remedy her allegations. In May 2024, shortly after a racial slur was hurled at her by a coworker, Cobb resigned.

4. To address Rueb Stoller's ongoing discriminatory and conduct, Cobb seeks economic damages of back pay, front pay, lost benefits; compensatory damages for emotional distress and mental anguish; as well as her attorneys' fees and costs of litigation.

## THE PARTIES

5. LaShunda Cobb at all times relevant to this complaint was employed at Rueb Stoller's Atlanta headquarters.

6. Rueb Stoller is a national plaintiff side litigation firm that specializes in mass tort litigation, catastrophic personal injury suits, wrongful death claims, and medical malpractice.

## PERSONAL JURISDICTION

7. Rueb Stoller is subject to service at the location of its registered agent Incorp Services Inc., 9040 Roswell Rd., Suite 500, Atlanta GA 30350.

## SUBJECT-MATTER JURISDICTION AND VENUE

8. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

9. Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in this district and division and the acts or omissions giving rise to the claim occurred in the same venue.

## FACTUAL ALLEGATIONS

10. For approximately 25 years, Cobb has been a veteran litigation professional in the Alabama and Georgia legal markets, including successful stints at Wiggins Childs LLC, the premier plaintiff's employment law firm in Alabama; Starnes Davis Florie, LLP, a prominent trial litigation firm; and Baker Donelson PC, one of the Southeast's leading civil defense firms.

11. In July 2020, Cobb joined Rueb Stoller's Atlanta office as a paralegal. Atlanta is one of eight national Rueb Stoller offices. The lead attorney in the Atlanta offices is Stephen "Buck" Daniel, one of the firm's name partners.

12. In or about 2022, Cobb was named the Atlanta "office manager" but continued to maintain a significant paralegal load of her own in addition to the array of administrative and property management roles for which she became responsible.

13. Based on Cobb's knowledge of Rueb Stoller's operations, her peer managers typically did not maintain a meaningful case load of their own, much less the portfolio of 300 plus files that Cobb continued to maintain. Additionally, when an associate attorney left the Atlanta office in 2021, Cobb had been reassigned a major portion of the drafting and discovery management tasks ordinarily associated with junior level attorneys.

14. Cobb was not compensated for the fact that she executed the responsibility of two full time support roles–paralegal and office manager–much less her execution of tasks that should have been reserved for an associate.

15. Despite continued glowing job performance reviews between 2022 and 2024, Cobb noticed a series of contrasts with her counterparts who managed

Rueb Stoller's other offices, all of whom were white. Several were promoted to the title Director of Operations for performing a portfolio of duties identical to Cobb.

16. In addition, Cobb was excluded from participation in weekly senior level planning sessions that the other office managers engaged in with Donna Berrios, the firm administrator.

17. Cobb's baseline compensation remained for much of her tenure at a comparable rate to her peer paralegals in the Atlanta office, all of whom were white, despite her considerably more substantial load. Furthermore, Cobb noticed that several of her fellow paralegals were afforded various financial incentives that were not extended to her: one white paralegal's pay was adjusted to compensate for the cost of higher health insurance costs he was incurring; another received a $5000 pay raise in early 2023 while Cobb's salary remained stagnant.

18. The scope of Cobb's authority as office manager involved oversight and ensuring accountability for the rest of the paralegal team as well as case managers. But Daniels repeatedly instructed Cobb to target a black male administrative employee in the Atlanta office for taking excessive breaks and leaving work early while Cobb was directed by Daniel to tolerate the same infractions by white support staff.

19. In the summer of 2023, Cobb lodged an internal complaint with the firm's executive committee that her pay lagged behind other law firm senior administrators in the Atlanta market. Cobb also told Berrios, a member of the executive committee as a function of her role as firm administrator, that she believed her treatment at least in part reflected race discrimination.

20. The sole response from the committee was to extend the same $5000 raise to Cobb that one of the white paralegals she supervised had been assigned. But the committee, to Cobb's knowledge, declined to investigate her broader claims to Rueb Stoller's administrator that she was treated less favorably than her white peers at the manager level. Nor did the firm take steps to align her pay with the Atlanta market despite initial assurances from a shareholder on the committee that a major adjustment was in order.

21. Instead of remedial action, Cobb began to experience what she regarded as reprisals in the aftermath of her complaints. Beginning in the latter part of 2023 and early 2024, Daniel became visibly hostile and began to exclude Cobb from certain administrative decisions. He began to second guess the quality of her work and actively delayed her annual evaluation from 2023.

22. As 2024 progressed, Daniel increasingly shifted more impactful assignments from Cobb to one of her white counterparts. At the same time, Daniel

and several of Cobb's fellow paralegals actively spread internal rumors to Daniel that Cobb's behavior was increasingly "erratic".

23. In early May 2024, after a white paralegal referred to her as a "Black b****" to her face, Cobb resigned her employment.

24. The steady marginalization of Cobb's role and the determination to underpay her for executing multiple roles diminished her status within Rueb Stoller's administrative structure. She was further denied advancement opportunities extended to her white peers.

## CAUSE OF ACTION

## COUNT I

### (Race discrimination in violation of 42 U.S.C.A. § 1981)

25. Plaintiff LaShunda Cobb incorporates by reference the preceding factual allegations of this complaint as though set forth fully and separately herein.

26. Defendant Rueb Stoller repeatedly discriminated against Cobb based on her race with respect to the terms and conditions of her employment as outlined herein, including limitations on career advancement opportunities, excessive distribution of work without commensurate compensation, and restrictions on the scope of her role that white peers of Cobb at the firm did not endure.

27. Cobb's race was a but-for factor in her discriminatory treatment, which caused her some harm or injury with respect to her professional status, as well as compensation.

28. As a result of the discriminatory conduct by Rueb Stoller, Plaintiff has suffered monetary damages, including but not limited to back pay and front pay; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT II

**(Retaliatory hostile environment in violation of 42 U.S.C.A. § 1981)**

29. Plaintiff LaShunda Cobb incorporates by reference the preceding factual allegations of this complaint as though set forth fully and separately herein.

30. Cobb engaged in protected activity under § 1981 in that she initiated complaints to Rueb Stoller's administrative leadership that she was subjected to disparate treatment for reasons at least partly based on race.

31. Cobb's protected activity subjected her to retaliatory conduct including overtly hostile treatment by her managing law partner, a reduction in the quality of work assignments, and circulation of false and pejorative information that damaged her reputationally.

32. The aforementioned reprisals taken in tandem would have dissuaded a reasonable employee from engaging in protected activity, thereby creating a retaliatory hostile environment.

33. As a result of the retaliatory conduct by Emory, Plaintiff has suffered monetary damages, including but not limited to back pay and front pay; and noneconomic damages including emotional distress, humiliation, embarrassment, and mental anguish.

## **PRAYER FOR RELIEF**

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

    A. Back pay, front pay, and lost benefits.

    B. Compensatory damages to the extent allowed by law.

    C. Punitive damages.

    D. Attorneys' fees and costs of litigation.

    E. Pre-judgment and post-judgment interest at the highest lawful rate.

    F. Such other equitable and monetary relief as the court deems just and proper.

G. A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights and that Defendant shall refrain from future unlawful discriminatory and retaliatory conduct in its employment practices.

Respectfully submitted the 11th day of August, 2025.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

Jerilyn Gardner
Georgia Bar No. 139779
3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-446-9544
jgardner@hkm.com

**Counsels for Plaintiff LaShunda Cobb**

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.